IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

L.G. BOONE,                                                                    PLAINTIFF

V.                                                                    NO. 4:06CV18-P-B

CHRISTOPHER EPPS, ET AL,                                                      DEFENDANTS

**O P I N I O N**

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated at the Delta Correctional Facility, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. He states that he received a Rule Violation Report (RVR) for allegedly engaging in or encouraging a group demonstration. He appeared before a disciplinary committee which conducted a hearing on the RVR, was found guilty of the offense, and was punished for the violation. Plaintiff contends that he was not guilty of the charge, that there were numerous administrative errors throughout the RVR process, that the hearing was unfair and not conducted in accordance with Mississippi Department of Corrections policy and procedure, and that he should not have been punished.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Federal courts do not "second-guess" the findings and determinations of prison disciplinary committees. The plaintiff was afforded a disciplinary hearing on the RVR, thus meeting the due process requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). The Constitution does not demand "error-free decision making ...." *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (quoting *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983)).

It is clear that whether claims are habeas corpus or civil rights in nature the plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)). Since the acts complained of by plaintiff meet the due process requirements, they do not rise to the level of a constitutional violation. Therefore they must be dismissed as failing to state a cause of action upon which relief may be granted.

A final judgment in accordance with this opinion will be entered.

THIS the 24th day of February, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE